IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARMSTRONG WOOD PRODUCTS, INC.,

      Plaintiff,

  vs.                                                      Civil Action No. 2:05 CV 95
                                                                        (Maxwell)

ROBERT BOWERS,

      Defendant

## ORDER

It will be recalled that the above-styled civil action was instituted with the December 28, 2005, filing of the Plaintiff's Complaint pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In its Complaint, the Plaintiff asks this Court to enter an order compelling the Defendant to submit those claims which he asserted in the case of <u>Bowers v. Armstrong Wood Products, Inc.</u>, Civil Action No. 05-C-179 in the Circuit Court of Randolph County, West Virginia, to the grievance-arbitration process and enjoining the Defendant from reinitiating his claims in state court.

A Motion To Dismiss and a Memorandum Of Law in support thereof were filed by the Defendant on January 27, 2006. In his Motion To Dismiss, the Defendant asks the Court to dismiss the above-styled civil action with prejudice based on his assertion that this Court lacks jurisdiction in light of the fact that the Collective Bargaining Agreement between the parties does not provide a 'clear and unmistakable' waiver in favor of arbitrating the Defendant's statutory discrimination claims. Armstrong's Response To Defendant's Motion To Dismiss was filed on February 10, 2006, and the Defendant's

Motion To Dismiss is now ripe for resolution by the Court.

The Court has carefully reviewed the Defendant's Motion To Dismiss; the memoranda of law in support of and in opposition thereto; and the entire record in the above-styled civil action. Based upon its review and for the reasons expressed below, the Court believes that the Defendant's Motion To Dismiss must be denied and that the Plaintiff's request that the Court order the Defendant to submit his claims to the grievance-arbitration process and enjoin the Defendant from reinitiating all state judicial proceedings regarding his claims must be granted.

In the Federal Arbitration Act, 9 U.S.C. §§ 1-16, the United States Congress endorsed arbitration as a less formal and more efficient means of resolving disputes. The United States Supreme Court has also noted that the Federal Arbitration Act represents "a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "Generally, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Carson v. Giant Food, Inc., 175 F.3d 325 (1999), quoting Moses, 460 U.S. at 24-5. The presumption in favor of arbitration, however, does not apply to this issue of which claims are arbitrable. "[T]he general policy-based, federal presumption in favor of arbitration . . . is not applied as a rule of contract interpretation to resolve questions of the arbitrability of arbitrability issues themselves." Virginia Carolina Tools, Inc., v. International Tool Supply, Inc., 984 F.2d 113, 117 (4th Cir. 1983). Thus, "[c]ourts should not assume that the parties agreed to arbitrate arbitrability." First Options of Chicago, Inc., v. Kaplan, 514 U.S. 938 (1995). While parties can agree to let an arbitrator determine the scope of his own jurisdiction, their agreement must, however, "clearly and unmistakably" provide

2

that the arbitrator shall determine what disputes the parties agreed to arbitrate." Carson, 175 F.3d at 329, quoting AT&T Techs., Inc., v. Communications Workers of Am., 475 U.S. 643, 649 (1986). As the Collective Bargaining Agreement in the instant case does not provide that the determination of arbitrability is vested in the arbitrator, the matter is clearly for the Court to decide. See AT&T, 475 U.S. at 649.

In Brown v. ABF Freight Systems, Inc., 183 F.3d 319, 321 (4th Cir. 1999), the United States Court of Appeals for the Fourth Circuit discussed the two means by which the intent of a "clear and unmistakable" waiver of an employee's statutory right to a judicial forum for employment discrimination can be established. "First, . . ., such intent can be demonstrated through the drafting of an 'explicit arbitration clause' pursuant to which the union agrees to submit all statutory employment-discrimination claims to arbitration." Brown, 183 F.3d at 321, citing Carson, 175 F.3d at 331. "Second, where the arbitration clause is 'not so clear,' employees might yet be bound to arbitrate their federal claims if 'another provision, like a nondiscrimination clause, makes it unmistakably clear that the discrimination statutes at issue are part of the agreement.'" Id.

In the instant case, the Collective Bargaining Agreement defines a grievance as "any controversy, complaint, misunderstanding or dispute concerning the interpretation or application of this Agreement." See Article 4, Section 1. "[C]ourts have repeatedly rejected the assertion that general arbitration clauses, like the [one] at issue here, commit to arbitration disputes over an arbitrator's jurisdiction." Carson, 175 F.3d at 329. "[T]he Supreme Court has explained that even '"when the parties have agreed to submit all questions of contract interpretation to the arbitrator,' "the judiciary is still "'to ascertain

3

[ ] whether the party seeking arbitration is making a claim which on its face is governed by the contract.'" Carson, 175 F.3d at 330, quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36-37 (1987) (internal citations omitted). "Thus, broad arbitration clauses that generally commit all interpretive disputes 'relating to' or 'arising out of' the agreement do not satisfy the clear and unmistakable test." Carson, 175 F.3d at 330.

Secondly, in the situation where the arbitration clause is "not so clear," the Court must determine whether the employee might yet be bound to arbitrate his claims if another provision, like a nondiscrimination clause, makes it unmistakably clear that the discrimination statutes at issue are part of the agreement. The United States Court of Appeals for the Fourth Circuit, in Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 880 (4th Cir. 1996), stated that "[a]lthough the [Federal Arbitration Act] was not applicable, [the Court] noted that Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) 'made clear that agreements to arbitrate statutory claims are enforceable,'" and that " . . . the parties would be held to their agreement." The Court also stated that voluntary and valid agreements to arbitrate federal anti-discrimination claims will be enforced "[w]hether the dispute arises under . . . a simple employment contract or a collective bargaining agreement. . . ." Id. at 885. Furthermore, the right to arbitrate is a term or condition of employment, [and] the union may bargain for this right as well. Safrit v. Cone Mills Corporation, 248 F.3d 306, 308 (4th Cir. 2001).

In the instant case, the Collective Bargaining Agreement contains a clear and unmistakable "nondiscrimination clause" which specifies that West Virginia anti-discrimination laws are proper subjects for arbitration:

4

> Neither the Union nor the Company shall discriminate against any employee because of his race, sex, religion, age, color, disability, national origin, veteran's status, union or lack of union activity, with respect to pay or to the opportunity for or tenure of employment, or with respect to any term or condition of employment, or any other right, benefit, duty or obligation created by the provisions of this Agreement. The application of this section is intended to be consistent only with all the terms and conditions set forth in such Federal or West Virginia anti-discrimination laws that are now in existence and/or any amendments that may be enacted subsequent to the signing of this Agreement.

Article 2, Section 1. In addition, West Virginia Code § 23-5A-3(c) provides as follows:

> Any civil action brought under this section shall be subject to the seniority provisions of a valid and applicable collective bargaining agreement, or arbitrator's decision thereunder, or to any court or administrative order applying specifically to the injured employee's employer, and shall further be subject to any applicable federal statue or regulation.

The Court finds that the foregoing anti-discrimination clause contained in the Collective Bargaining Agreement in the instant case is sufficiently clear and valid to make the Defendant's claim of retaliatory discharge for filing a workers' compensation claim a proper subject for arbitration under the Agreement. The Court is mindful that "[t]o redact one clause from the [Agreement] would in effect alter the agreement reached during the often-difficult collective bargaining process." Safrit, 248 F.3d at 308.

As counsel may have noticed, the foregoing ruling is virtually identical to that ruling issued by the Court in the case of Bruce Hardwood Flooring, LLC, d/b/a Bruce Hardwood Floors v. S. Brandon Skidmore, Civil Action No. 2:01-CV-62. The Court was able to essentially adopt verbatim its prior ruling because both Skidmore and the matter now before the Court involve an identical anti-discrimination clause; a nearly identical Grievance-Arbitration procedure; and an identical cause of action, namely, workers'

compensation retaliation.

As a final matter, the Court would note that it finds the Defendant's reliance on the case of Eastern Associated Coal Corporation v. Massey, 373 F.3d 530 (4th Cir. 2004), misplaced. As the Plaintiff points out in its Response To Defendant's Motion To Dismiss, the nondiscrimination language which the United States Court of Appeals for the Fourth Circuit found failed to provide a clear and unmistakable waiver of Massey's workers' compensation discrimination claims and his disability discrimination claim under the West Virginia Human Rights claim was different from the nondiscrimination language found in the Collective Bargaining Agreement now before the Court. Additionally, as the Plaintiff also notes in its Response To Defendant's Motion To Dismiss, the Defendant's duty to grieve and arbitrate his claims against the Defendant in the matter now before the Court commenced at the time of his termination, i.e., September 9, 2003, while the Massey decision was not decided by the United States Court of Appeals for the Fourth Circuit until July 2, 2004.

Accordingly, for the foregoing reasons, it is

**ORDERED** that the Defendant's Motion To Dismiss (Docket No. 4) be, and the same is hereby, **DENIED.** It is further

**ORDERED** that the Plaintiff's request that the Court order the Defendant to submit his claims to the grievance-arbitration process and enjoin the Defendant from reinitiating all state judicial proceedings regarding his claims, as set forth in its Complaint, be, and the same is hereby, **GRANTED,** and, pursuant to 9 U.S.C. § 4, the parties are hereby directed to proceed to arbitration in accordance with the terms of the

Collective Bargaining Agreement. It is further

**ORDERED** that, upon completion of the arbitration process, counsel for the Plaintiff shall file the Report of the Arbitrator with this Court. It is further

**ORDERED** that the Court hereby enjoins the Defendant from reinitiating all state judicial proceedings regarding his claims. This Court finds that enjoining the Defendant from reinitiating all state judicial proceedings regarding his claims is "necessary in aid of [this Court's] jurisdiction" of the arbitration agreement pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. It is further

**ORDERED** that the Clerk of Court shall send a certified copy of the written order enjoining the Defendant from reinitiating all state judicial proceedings regarding his claims to the Circuit Clerk of Randolph County, West Virginia. It is further

**ORDERED** that the above-styled civil action be, and the same is hereby, **ADMINISTRATIVELY CLOSED** until such time as this Court receives the Arbitrator's Report in accordance with the Court's earlier direction. It is further

**ORDERED** that the Clerk of Court shall send copies of this Order to all counsel of record.

**Enter:** October  3 , 2006

                **/S/ Robert E. Maxwell**
                 United States District Judge